*474 OPINION.
Akundell :
The petitioner has amply established that its patterns and drawings were exceedingly valuable assets in the operation of its business and the producing of its income. Officers who have been with the company for many years expressed the opinion that in case of the destruction of the drawings and patterns it would be forced to go out of business. They were regarded of such value that the petitioner constructed special fireproof storage facilities, carried $80,000 insurance, and as an additional precaution phostostated all of its drawings and stored the photostats in a safe.
The petitioner has also fully established that the drawings and patterns had a useful life of at least 20 years. Many of them have been in use a longer period, some with no alterations and others with such changes as are necessary to meet incidental changes in the type of the machine manufactured. It was testified by the president of the petitioner, who has at various times exercised supervision over all departments, that “ a couple of hundred ” castings could be made from one pattern, and it was seldom that orders were received for that number. Based upon the evidence, our opinion is that 20 years represents the useful life of the drawings and patterns and depreciation should be allowed at the rate of 5 per cent per year.
The cost of drawings and patterns to the petitioner for the period 1895 to December 31, 1916, was $241,190.54, and the depreciation sustained during the same period at the rate of 5 per cent amounts to $119,185.73, leaving a net value of $122,004.81, which should be included in invested capital for the year 1917. During the year 1917 the petitioner made additional drawings and patterns at a cost of *475 $16,617.77, and sustained depreciation in the amount of $12,335.33, making a net amount of $126,287.25 to be included in invested capital for the year 1918.
During its early years from 1895 to 1908 the petitioner did not segregate drawing-room and pattern costs, but carried them in one account. In making its proof of cost of patterns and drawings it arbitrarily allocated to each of the two items 50 per cent of the total cost. This method, of course, does not establish accurately the cost separately of the two items, but as we have found that in each case the assets are capital items and subject to the same rate of depreciation, this failure to allocate costs in the early years does not affect the result.
It is a matter of little consequence that the petitioner claimed the right in one year to capitalize the cost of drawings and patterns and in another year sought to deduct such costs as expenses. We have found that the costs should have been capitalized and the fact that they were erroneously treated as expenses does not preclude the petitioner from now correcting its error. Appeal of Goodell-Pratt Co., 3 B. T. A. 30.

Judgment will be entered on 15 days' notice, v/nder Rule 50.